[No. 37854.   Department Two.   October 21, 1965.]

GEORGE FEAK *et al., Respondents*, v. B. F. GOODRICH COMPANY *et al., Appellants.*[†]

*Read & Church*, for appellants.

*Greer & Frank*, for respondents.

PER CURIAM.—Defendant driver[1] "rearended" the car of plaintiff[2] while she was stopped or stopping to permit a truck in front of her to make a left turn.

*Reported in 406 P.2d 772.

†Reported in 406 P.2d 776.

[1]Defendants were Jerry Lee Berg, who was driving a pick-up truck for the other defendant, B. F. Goodrich Company, on company business at the time of the collision.

[2]Plaintiffs were Virginia Feak and her husband George. Mrs. Feak was alone in the car at the time it was rearended and she sustained the personal injuries. We shall refer to her as though she was the only plaintiff.

From a judgment for the plaintiff, the defendants appeal solely on the ground that the trial judge should not have submitted to the jury the issue of whether the defendant driver was under the influence of or affected by the use of intoxicating liquor.

The only evidence on that issue was that one witness said the defendant driver smelled as though he had been drinking an alcoholic beverage, and that "he was kind of red in the face like a person usually drinking does sometime when they have had a few." No other witness corroborated this testimony; and while this might permit an inference that the defendant driver was affected by the use of intoxicating liquor, there was no evidence that such effect was a proximate cause of the rear-end collision which caused the plaintiff's injuries and the damage to her car.

While it was error to submit that issue to the jury, we cannot believe that, under the circumstances, it was prejudicial error. No contention is made that there was not ample proof of the negligence of the defendant driver in rearending the plaintiffs' car; and no contention is made that the damages are excessive. We, therefore, affirm the judgment.